UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HOWARD GRADY,

        Petitioner,

v.                                          Case No. 18-cv-615-pp

STATE OF WISCONSIN,
and JUDY SMITH

        Respondents.

---

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 8), DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 2) AND SCREENING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS***

---

      On April 18, 2018, Howard Grady, representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging the October 2014 revocation of his probation. Dkt. No. 1. The petitioner did not file a motion to waive prepayment of the $5.00 filing fee for *habeas* cases, so the court issued an order requiring him to do so. Dkt. No. 8. The petitioner complied with the court's instructions and filed a motion for leave to proceed without paying the filing fee along with his prisoner trust account statement. Dkt. No. 98. The court concludes that the petitioner cannot afford the $5.00 filing fee and screens the petition under Rule 4 of the Rules Governing §2254 Cases. Because it does not plainly appear from the face of the petition that the

1

petitioner is not entitled to relief, the court orders the respondent to answer or otherwise respond.

## I. Motion to Proceed without Paying the Filing Fee (Dkt. No. 8)

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner filed a motion for the court to allow him to proceed without prepayment of that fee. Dkt. No. 8. He states that he has no assets—no bank account, no retirement account, no investments, no real estate and no valuable other assets. Dkt. No. 8 at 2. The petitioner's trust account statement showed that his regular account had an end balance of $3.98 with an average monthly balance of $2.26. Dkt. No. 9 at 1. His release account showed a starting balance of $56.17 and an end balance of $68.22. Id. at 3. Considering the low balance in the petitioner's regular trust account, the court will allow him to proceed without prepayment of the filing fee.

## II. Motion To Appoint Counsel (Dkt. No. 2)

With his *habeas* petition, the petitioner filed a hand-written letter telling the court that he had exhausted all his state remedies, asking the court to allow him to proceed without prepaying the filing fee and asking the court to appoint him a lawyer. Dkt. No. 2. Regarding his request for a lawyer, the petitioner stated that he was unable to find a lawyer, he was not educated enough in the law and he could not afford an attorney. Id. He stated that, with a lawyer, it would be more likely that his petition would succeed. Id.

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019).

This is particularly true in *habeas* cases. The Seventh Circuit Court of Appeals has held that "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," although it notes that a district court "may appoint counsel if 'the interests of justice so require.'" Taylor v. Knight, 223 Fed. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)).

The court concludes that the interests of justice do not require appointment of counsel for the defendant at this point. To evaluate motions to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines if the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it[.]" Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). The petitioner has not satisfied the first step of the process—he has not demonstrated (by providing the court with proof that he contacted at least three lawyers who declined to help him) that he has tried to find a lawyer on his own. Even if he had satisfied the first step, however, the court does not think that the case currently exceeds the plaintiff's capacity to present it. The petitioner has presented enough information—and has presented it clearly enough—for the court to be able to screen his petition. The court will deny the petitioner's motion to appoint counsel without prejudice. That means that the petitioner can renew his motion at a later date, if he can show the court that he unsuccessfully tried to find a lawyer on his own, and if

he can show that the case is so complex that he cannot explain his claims for himself.

## II.     Rule 4 Screening

### A.     Background

In July of 2014, the petitioner was convicted in state court of being a party to the crime of burglary; the sentencing court withheld sentence and placed him on probation. Dkt. No. 1-1 at 1. About a month later, police responded to a domestic violence incident at petitioner's home. Id. at 2. They found the petitioner's girlfriend ("K.C.") "possibly seizing" and "with evident injuries to her head, face, and body." Id.  K.C. told police that the petitioner repeatedly struck her with a hammer and threatened to kill her. Id. at 2. Based on this allegation, the petitioner appeared in person and with counsel for a probation revocation hearing before an administrative law judge on October 23, 2014. Id. at 11. The administrative law judge revoked the petitioner's probation and sentenced him to twelve and a half years of imprisonment. Id. at 2.

The petition alleges that the State of Wisconsin violated the petitioner's constitutional rights during the probation revocation proceeding. The petitioner argues that the state violated his Sixth Amendment right to confront witnesses because K.C. did not appear or testify at the revocation hearing. Dkt. No. 1 at 4. He asserts that the admission of K.C.'s hearsay testimony violated his Fourteenth Amendment right to due process. Finally, he argues that his revocation counsel, Glen Givens, provided him ineffective assistance of counsel during the revocation proceedings.

B.  <u>Standard</u>

Rule 4 of the Rules Governing § 2254 Proceedings provides:

> If it plainly appears form the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner has alleged that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court may grant the petition only if the petitioner is in custody as a result of (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court;" or (2) "a decision that was based on an unreasonable application determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of judgment becoming final. 28 U.S.C. §2254(d)(1)(A). The prisoner must exhaust the remedies available in the state courts before the federal district

5

court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petitioner to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

C. Analysis

The petitioner's Sixth and Fourteenth Amendment claims stem from the fact that the petitioner's girlfriend, K.C., did not testify at the hearing. The petitioner argues that because of her absence, the administrative law judge based his decision on hearsay. Dkt. No. 1 at 4. In his decision—which the plaintiff attached to as an exhibit to the petition—the administrative law judge stated that he relied on the testimony of an investigating officer (who described K.C.'s statements at the time of the incident) and on a written statement K.C. later made to the Department of Corrections. Dkt. No. 1-1 at 12-13.

As for his ineffective assistance of counsel claim, the petitioner contends that his revocation counsel performed deficiently by failing to subpoena K.C. or obtain her medical records. Id. at 3. He argues that the medical records would have sown a history of mental illness and drug use and could have been used

6

to impeach K.C. Id. at 4-6. The petitioner alleges that counsel performed deficiently by showing a general lack of interest in the proceedings, missing the deadline for the administrative appeal and resigning after the revocation hearing was complete. Dkt. No. 1 at 6-10. The petitioner's ineffective assistance argument focuses on revocation counsel but mentions sentencing counsel as well. According to the petitioner, his sentencing counsel failed to file an appeal, inform him of his appellate rights or pursue his request for a Machner hearing. Id. at 7.

The petitioner has stated three potentially cognizable *habeas* claims: (1) deprivation of his Sixth Amendment right to confront and cross-examine an adverse witness; 2) deprivation of his Fourteenth Amendment right to a fair trial; and (3) ineffective assistance of counsel in violation of the Sixth Amendment. Dkt. No. 1 at 5-11. While the court has concerns about whether the plaintiff properly exhausted his claims, at this stage it cannot say that it plainly appears that the petitioner is not entitled to relief in the district court.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the claims in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2554 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern

District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 11th day of June, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**