UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOWARD GRADY,

        Petitioner,

v.                                                 Case No. 18-cv-615-pp

STATE OF WISCONSIN,
and JUDY SMITH,

        Respondents.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS (DKT. NO. 13) AND ORDERING RESPONDENT TO RESPOND**

      On April 18, 2018, the petitioner, who represents himself, filed a petition for a writ of *habeas corpus*, challenging an ALJ's October 2014 decision to revoke his probation. Dkt. No. 1. After this court screened the petition, the respondent filed a motion asking the court to dismiss the petition because the last state court dismissed the petitioner's claims on an independent and adequate state law ground. Dkt. No. 13. The court concludes that the petitioner has procedurally defaulted his ineffective assistance of counsel claim, but not his other claims. The court will grant the motion to dismiss with respect to the ineffective assistance of counsel claim and order the respondent to respond to the remaining grounds for relief.

**I.    Background**

      A.    <u>Underlying State Case</u>

      As stated in this court's June 11, 2009 screening order,

1

> [i]n July of 2014, the petitioner was convicted in state court of being party to the crime of burglary; the sentencing court withheld sentence and placed him on probation. Dkt. No. 1-1 at 1. About a month later, police responded to a domestic violence incident at petitioner's home. Id. at 2. They found the petitioner's girlfriend ("K.C.") "possibly seizing" and "with evident injuries to her head, face, and body." Id. K.C. told police that the petitioner repeatedly struck her with a hammer and threatened to kill her. Id. at 2. Based on this allegation, the petitioner appeared in person and with counsel for a probation revocation hearing before an administrative law judge on October 23, 2014. Id. at 11.

Dkt. No. 9 at 4. On October 24, 2014, the administrative law judge ("ALJ") issued a decision revoking the petitioner's probation. Dkt. No. 1-1 at 11-13. The order shows that attorney Glen Givens represented the petitioner at the hearing on October 23, 2014. Dkt. No. 1-1 at 11.

The State of Wisconsin mailed the written decision to the petitioner with a cover letter. Dkt. No. 1-1 at 19. The cover letter, addressed to the petitioner at the Milwaukee Secure Detention Facility, informed the petitioner that "[t]he decision will take effect and be final 10 working days after the date it was issued unless an administrative appeal is filed under sec. HA 2.05(8) Wis. Admin. Code." Id. The letter bolded two additional headings: "ADMINISTRATIVE APPEAL" and "JUDICIAL REVIEW." Id. Underneath the administrative appeal heading, the letter explained that the petitioner had until November 7, 2014 to file an administrative appeal with the Division of Hearings and Appeals. Id. Under the Judicial Review heading, the letter explained:

> Judicial review of a revocation decision may be obtained by writ of certiorari in the county in which you were last convicted of an offense for which you were on supervision. See Wis. Stat. §801.50(5). Any action seeking a remedy available by certiorari made on behalf of a prisoner as that term is used in Wis. Stat. §801.02(7) must be

2

commenced within 45 days of the decision to be reviewed. See Wis. Stat. §893.735.

Id. The state cc'ed attorney Givens on the letter. Id.

Sometime after the October revocation hearing, Attorney Givens stopped representing the petitioner; it is unclear when. A later Wisconsin Court of Appeals' decision states that "[r]evocation counsel, Attorney Glen Givens, resigned shortly after the final revocation hearing." Dkt. No. 14-4 at 2. The public docket for Ozaukee County Case Number 2014CF000125 shows that the state court issued a revocation order and warrant on November 12, 2014, and that, at a hearing on December 9, 2014, the petitioner appeared in court with attorney Wilfred de Junco as a friend of the court to request representation for the petitioner. Dkt. No. 14-1 at 9-10. The docket reflects that on December 17, 2014, the Public Defender's office appointed attorney Robert W. Buckett for revocation sentencing. Id. It appears Attorney Buckett requested several adjournments and Ozaukee County eventually held a sentencing hearing on May 12, 2015. Dkt. No. 14-1 at 7.

The petitioner does not explain what happened with Attorney Givens. He submitted a January 16, 2015 letter to his probation agent's supervisor in which he explains that "my attorney resign[ed] from my case, I have written him twice, and no reply." Dkt. No. 1-1 at 20. The letter asks for the supervisor to provide the petitioner with a copy of the victim statement filled out by K.C. on September 8, 2014. Id. The petitioner also submitted a copy of his handwritten motion for a Machner hearing filed in Ozaukee County Circuit Court, dated March 4, 2015. The motion, in its entirely, stated:

3

> When the attorney respond to allegations of ineffective representation
>
> The lawyer Glen Givens resign October 23, 2014 after the final revocation hearing.
>
> Appointed as successor counsel for sentencing Bob Buckett Jan. 7, 2015 pro se.

Id. at 21.

The Ozaukee County judge imposed a twelve-and-a-half-year sentence at the revocation sentencing hearing on May 12, 2015. Dkt. No. 1. The petitioner received an extension of time to file a notice of intent to appeal and filed that notice on the day of his deadline, June 15, 2015. Dkt. No. 14-1 at 6. The record reflects that the petitioner eventually filed a motion to modify sentence on March 31, 2016. Id. at 5. It appears that after that motion was filed, the petitioner's counsel filed a motion to withdraw and the circuit court granted that motion. Id. The public docket shows that the circuit court issued a decision on that motion on July 26, 2016. Id.

Over a year after his re-sentencing on revocation—on August 10, 2016—the petitioner filed for a writ of *habeas corpus* in Ozaukee County Circuit Court. Dkt. No. 14-2 at 4. The circuit court denied the petition. The court does not have a copy of the circuit court's decision; the Wisconsin Court of Appeals wrote that the circuit court "reason[ed] that the proper method to challenge the decision is by a petition for a writ of certiorari, the time for which had expired, and that [the petitioner] had not exhausted all available administrative remedies. *See* Wis. Stat. §§893.735(2) and 801.02(7)(b)." Dkt. No. 14-5 at 2. After the circuit court denied the petition, the petitioner filed both (a) an appeal

4

of the denial; and (b) a petition for a supervisory writ with the Wisconsin Court of Appeals, asking that court "to reinstate on equitable grounds his failed petition for a writ of habeas corpus." Dkt. No. 14-5 at 1.

On December 6, 2017, the Wisconsin Court of Appeals issued two decisions rejecting both the petitioner's direct appeal, dkt. no. 14-4, and his petition for a supervisory writ, dkt. no. 14-5. The petitioner asked the Wisconsin Supreme Court for review; that court declined review on April 11, 2018. Dkt. No. 14-2 at 2. This federal *habeas* petition followed.

B.   Federal *Habeas* Background

The petitioner filed his petition on April 18, 2018. Dkt. Nos. 1. This court's June 11, 2019 screening order recounted that the petitioner's petition raised three potential grounds for relief: (1) deprivation of his Sixth Amendment right to confront and cross-examine an adverse witness; (2) deprivation of his Fourteenth Amendment right to a fair trial through introduction of hearsay evidence; and (3) ineffective assistance of both attorneys Givens and Buckett in their representation concerning his revocation proceedings. Dkt. No. 10 at 7. The order expressed concern over whether the petitioner had properly exhausted his claims but ordered the respondent to answer or other respond within sixty days. Id. On August 12, 2019, the respondent filed a motion to dismiss the petition, dkt. no. 13, along with a brief, dkt. no. 14, and supporting exhibits, dkt. nos. 14-1—14-6. The petitioner responded on August 22, 2019, dkt. no. 15, and the respondent replied on September 19, 2019, dkt. no. 16.

C. Respondent's Motion to Dismiss (Dkt. No. 13)

The respondent argues that the court must dismiss the petition because the state court denied the petitioner's state *habeas* petition on independent and adequate state procedural law grounds. Dkt. No. 14 at 4. He argues that the petitioner's claims in this court are procedurally defaulted because the state court found that he did not attempt to raise them through the proper means. Id. at 6. For the petitioner's confrontation clause and hearsay claims, the respondent contends that the Wisconsin Court of Appeals explicitly found that the petitioner needed to raise those claims via *certiorari* review and had not done so. Id. The respondent cites State v. Pozo, 258 Wis. 2d 796 (Wis. Ct. App. 2002) for the proposition that Wisconsin "has a firmly established and regularly applied rule that habeas relief is unavailable where a petitioner has an adequate remedy available at law. *See Pozo*, 258 Wis. 2d 796, ¶ 8." Id. at 5.

As for the petitioner's ineffective assistance of counsel claim, the respondent says that the Wisconsin Court of Appeals properly dismissed this claim because the petitioner did not sufficiently develop his argument. Dkt. No. 14 at 7. He says the Court of Appeals properly determined that the petitioner's request for a Machner hearing in the circuit court was insufficiently pled and that, in any event, the petitioner was not entitled to revocation counsel for *certiorari* review. Id. at 7-8 (citing United States v. Jones, 861 F.3d 687, 690 (7th Cir. 2017); State ex rel. Griffin v. Smith, 270 Wis. 2d 235 (2004)). He argues that the Court of Appeals properly found that it could dismiss this ground without a hearing, in part because the petitioner "[did] not even allege,

6

let alone prove, that he made a timely request' for certiorari review on which his counsel failed to act." Dkt. No. 14 at 8 (quoting dkt. no. 14-5 at 3). Finally, the respondent states that although the Wisconsin Court of Appeals listed alternative grounds for denying the petitioner's petition, this federal court cannot ignore the adequate and independent state grounds for this decision. Id. (citing Harris v. Reed, 489 U.S. 255, 262 (1989)).

In response, the petitioner argues the merits of his first two claims—that the revocation proceeding violated his right to confront an adverse witness and that the ALJ impermissibly relied on hearsay testimony to revoke the petitioner. Dkt. No. 15 at 1-9. He appears to place blame for any procedural failings on his attorneys; under his ineffective assistance of counsel argument, the petitioner claims that Attorney Givens "abandoned petitioner after final revocation decision" and "abandon[ed] on all appeals which defendant has a right to a first appeal." Id. at 10-11. The petitioner does not explain or provide any details on what—if any—communications he had with Givens before or after the October revocation hearing. Instead, he states that he filed a motion for a Machner when Givens abandoned him. Id. at 11. He insists that the federal Constitution required that he have a lawyer for his combined revocation/sentencing proceedings. Id. He says that Givens should have appeared at his sentencing hearing to present mitigating evidence. Id. Last, the petitioner argues that his sentencing attorney, Attorney Buckett, failed to properly present mitigating factors at sentencing and that he informed Buckett

7

of his wishes to appeal the revocation sentence, but that Buckett never filed an appeal. Id. at 12-13.

## II. Analysis

### A. Adequate and Independent State Law Doctrine

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners are required to "exhaust" the remedies available to them in the state court system before a district court will consider the merits of constitutional claims in a federal *habeas* petition. 28 U.S.C. §2254(b)(1)(A). To exhaust his claims, "[a] petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Villanueva v. Anglin, 719 F.3d 769, 775 (7th Cir. 2013). "The failure to present fairly each habeas claim in state court 'leads to a default of the claim[s] and bar[s] the federal court from reviewing the claim[s'] merits." Id. (quoting Smith v. McKee, 598 F.3d 374, 382 (7th Cir. 2010). The courts call this problem "procedural default."

One of the ways a criminal defendant can "procedurally default" his claim—thus losing his right to federal *habeas* review—is if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). There can be several kinds of state procedural bars, including, but not limited to, failing "to raise a claim of error at the time or in the place that state law requires." Trevino v. Thaler,

8

569 U.S. 413, 421 (2013). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). In other words, a federal *habeas* court cannot review questions of federal law if the state court has declined to review the merits of those questions because of a state procedural law that is "'independent of the federal question and adequate to support the judgment[,]'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991).

"Federal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds." Coleman, 501 U.S. at 729. When considering whether a state court decision rests on a state procedural default, federal courts look to "the last explained state court judgment." Ylst, 501 U.S. at 805. A state ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." Thompkins v. Pfister, 698 F.3d 976, 986 (7th Cir. 2012). "The test to avoid procedural default in federal court is whether the state court's decision rests on the substantive claims primarily, that is, whether there is no procedural ruling that is independent of the court's decision on the merits of the claims." Holmes v. Hardy, 608 F.3d 963, 967 (7th Cir. 2010). "If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." Ylst, 501 U.S. at 801. However, "a state court that separately reaches the merits of a substantive

9

claim may also produce an independent procedural ruling that bars federal habeas review." Holmes, 608 F.3d at 967. The question is whether the state court's procedural ruling is primary. If it is, then the procedural ruling is independent. Id.

As for adequacy, a state law ground is "adequate" "when it is a firmly established and regularly followed state practice at the time it is applied." Thompkins, 698 F.3d at 986. When considering the adequacy of a state law ground, the court does not consider "whether the review by the state court was proper on the merits." Lee v. Foster, 750 F.3d 687, 694 (7th Cir. 2014).

Finally, if the court determines that the petitioner's claims are procedurally defaulted, it must consider whether to excuse the default. Coleman, 501 U.S. at 750. A court may excuse the default if the petitioner can show either (1) cause for the default and resulting prejudice, or (2) that the failure to consider the claims will result in a fundamental miscarriage of justice for the federal habeas court to revive the claim. Coleman, 501 U.S. at 750.

    B.    <u>Application</u>

        1.    *Grounds One and Two: Confrontation Clause and Due Process Challenge to Use of Hearsay Statements.*

The petitioner's first two grounds for relief—his arguments that he was unable to confront an adverse witness and that the ALJ impermissibly relied on hearsay testimony—allegedly suffer from the same state procedural problem: the petitioner did not avail himself of an administrative appeal or a petition for *certiorari* review to challenge these issues. Dkt. No. 14.

10

Case 2:18-cv-00615-PP   Filed 03/31/20   Page 10 of 18   Document 17

claim may also produce an independent procedural ruling that bars federal habeas review." Holmes, 608 F.3d at 967. The question is whether the state court's procedural ruling is primary. If it is, then the procedural ruling is independent. Id.

As for adequacy, a state law ground is "adequate" "when it is a firmly established and regularly followed state practice at the time it is applied." Thompkins, 698 F.3d at 986. When considering the adequacy of a state law ground, the court does not consider "whether the review by the state court was proper on the merits." Lee v. Foster, 750 F.3d 687, 694 (7th Cir. 2014).

Finally, if the court determines that the petitioner's claims are procedurally defaulted, it must consider whether to excuse the default. Coleman, 501 U.S. at 750. A court may excuse the default if the petitioner can show either (1) cause for the default and resulting prejudice, or (2) that the failure to consider the claims will result in a fundamental miscarriage of justice for the federal habeas court to revive the claim. Coleman, 501 U.S. at 750.

    B.    <u>Application</u>

        1.    *Grounds One and Two: Confrontation Clause and Due Process Challenge to Use of Hearsay Statements.*

The petitioner's first two grounds for relief—his arguments that he was unable to confront an adverse witness and that the ALJ impermissibly relied on hearsay testimony—allegedly suffer from the same state procedural problem: the petitioner did not avail himself of an administrative appeal or a petition for *certiorari* review to challenge these issues. Dkt. No. 14.

The Wisconsin Court of Appeals was the last state court to issue a decision explaining its reasons for denying the petitioner's arguments. In the Court of Appeals' December 6, 2017 decision denying the petitioner's direct appeal from the denial of his petitions for writ of *habeas corpus*, the court began by noting that it would be denying the petitions without ordering responses. Dkt. No. 14-4 at 1-2. After recounting the facts that led to the petitioner's revocation hearing, the Court of Appeals recounted that "Attorney Glen Givens resigned shortly after the final revocation hearing" and stated,

> No challenge to the revocation was made either by administrative appeal, *see* Wis. Admin. Code § HA 2.05(8) (2017), or petition to the circuit court for certiorari review, *see* Wis. Stat. §893.735(2). Well after the time limits had expired on both options, Grady petitioned the circuit court pro se for a writ of habeas corpus.

Dkt. No. 14-4 at 2. The court explained the standard for granting a writ of *habeas corpus* and framed the petitioner's argument as follows: "[the petitioner] contends his restraint is illegal as a result of being denied due process throughout the entire revocation proceeding due to his attorneys' ineffectiveness and because the revocation decision was based on hearsay. We disagree." Id. at 3. The Court of Appeals explained that the petitioner only had a statutory, not a constitutional, right to have counsel to assist him at his final revocation hearing. Id. (citing Wis. Admin Code §HA 2.05(3)(f); Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973)).

After reviewing the petitioner's ineffective assistance of counsel arguments as they pertained to Givens, the appellate court observed that "procedural due process requires a probationer facing revocation be able to

11

confront and cross-examine adverse witnesses, absent a finding of good cause to rule otherwise." Id. at 4 (citing Gagnon, 411 U.S. at 786). It further noted that a probation violation may not be proved entirely by 'unreliable hearsay.'" Id. (quoting State ex rel. Thompson v. Riveland, 109 Wis. 2d 580, 583 (1982)). The Court of Appeals analyzed whether the procedures used at the revocation hearing violated the petitioner's due process and confrontation rights:

> The ALJ found the evidence reliable. He properly considered testimony and reports that contained hearsay, as the technical rules of evidence do not apply at revocation hearings. Wis. Stat. §911.01(4)(c); State ex rel. Johnson v. Cady, 50 Wis. 2d 540, 549, 185 N.W.2d 306 (1971). He also found K.C.'s initial statements to the responding officer admissible as excited utterances, found the responding officer's and the agent's testimonies and the other investigating officer's report credible, and found K.C.'s written statement to be consistent with what she initially told police. Finally, the ALJ specifically found good cause for K.C.'s non-appearance, because it reasonably could be inferred that she either was physically unable to attend or feared for her life if she testified against [the petitioner]. A decision based entirely on hearsay is sufficient to prove a probation violation "so long as the hearsay is reliable." State ex rel. Simpson v. Schwarz, 2002 WI App 7, ¶30 n. 6, 250 Wis. 2d, 640 N.W.2d 527 (2001). [The petitioner's] due process and confrontation rights were not abridged.

Id. at 5. The remainder of the decision discussed ineffective assistance of counsel, before concluding with,

> Grady's habeas petitions thus fail. He had several other adequate remedies available. *See Pozo*, 258 Wis. 2d 796, ¶8. [The petitioner] knew that Givens resigned. He received written notice of his right to file an administrative appeal or petition for a writ of certiorari for review of the revocation decision, including instructions on where and how to exercise the options. He also could have filed a pro se appeal from the judgment imposing sentence after revocation. For reasons he does not explain, [the petitioner] did not pursue the relief he claims was denied him. Accordingly, his petitions for a writ of habeas corpus must be denied.

Id. at 8-9.

The court cannot definitively say that the December 6, 2017 decision on the petitioner's confrontation clause and due process claims rested primarily on a state law procedural bar. Reading the decision as a whole, the Court of Appeals did not expressly rely on the procedural bar as its primary reason for denying the petitioner confrontation clause and hearsay claims. The court twice referred to the petitioner's failures to properly raise his claims, but those references appear to be, at best, a secondary reason supporting the conclusion that the petition should not be granted. The appellate court did not stop its analysis once it recounted that the petitioner had not followed the proper procedures, nor did it frame its discussion of the merits as an alternative basis for denial. Instead, the court's opinion expressly relied on its assessment of the merits of these claims; it stated that "[the petitioner's] due process and confrontation rights were not abridged" *after* it recounted the evidence presented to the ALJ and the ALJ's findings. The petitioner has not procedurally defaulted these claims and the court will deny the respondent's motion to the extent it seeks to dismiss grounds one and two of the petitioner's petition.

### 2. *Ineffective Assistance of Counsel*

The petitioner's third ground for relief—that both Attorneys Givens and Buckett provided him with ineffective assistance of counsel—allegedly involved a different kind of state procedural bar: the petitioner's failure to give the state courts sufficient information to allow them to meaningfully review his federal constitutional claims. Dkt. No. 14 at 7.

13

For a Wisconsin court to grant an evidentiary hearing to a defendant on a *habeas* motion, the defendant must allege "sufficient material facts—*e.g.* who, what, where, when, why and how—that, if true, would entitle him to the relief he seeks." State v. Allen, 274 Wis. 2d 568, 573 (2004). On the ineffective assistance of counsel context, a defendant is entitled to an evidentiary hearing only if the motion alleges facts that, if true, would entitle him to relief under the standards in Strickland v. Washington, 466 U.S. 668 (1984). Id. at 587. Under Strickland, a claim of ineffective assistance of counsel has two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687. A state *habeas* motion alleging ineffective assistance of counsel must give the trial court facts that allow the court "to meaningfully assess" the claim, including facts that allow the court to assess the claim of prejudice; conclusory allegations without factual support are insufficient to establish the right to a hearing or relief. State v. Bentley, 201 Wis. 2d 303, 316 (1996); see also Allen, 274 Wis. 2d at 576. In other words, if the defendant does not give the trial court the information required by Allen, the court can deny his motion without a hearing. Allen, 274 Wis.2d at 579-80.

Again, the Wisconsin Court of Appeals was the last court to explain its reasons for denying the petitioner relief and so the court looks to its December 6, 2017 decision for the analysis. Ylst, 501 U.S. at 805.

The Wisconsin Court of Appeals' December 6, 2017 decision clarified that the circuit court denied the petitioner's request for a Machner hearing to support his claims. Dkt. No. 14-4 at 3, n.3. In discussing the petitioner's claims for ineffective assistance of counsel, the Wisconsin Court of Appeals' explicitly cited Allen in remarking that "to be entitled to an evidentiary hearing, a petitioner must allege sufficient material fact which, if true, would entitle the petitioner to relief." Dkt. No. 14-4. After reviewing the petitioner's claims about Givens, the Court of Appeals held that

> [the petitioner's] sketchy and conclusory allegations of ineffectiveness against Givens do not demonstrate either deficient performance or prejudice. He was given the tools to challenge the revocation decision. For some reason that he does not articulate, he chose not to use them. Denying a *Machner* hearing in regard to Givens evinces a proper exercise of discretion.

Dkt. No. 14-4 at 7. Regarding Attorney Buckett's performance, the Court of Appeals remarked that "[the petitioner] slightly expands on the single factual statement in his *Machner* hearing motion. He complains that Buckett failed to file an appeal, inform him of his appellate rights, or address his request for a *Machner* hearing." After reviewing the petitioner's arguments, the Court of Appeals concluded "[t]he court properly exercised its discretion in denying the *Machner* hearing request as to Buckett as well."

The Wisconsin Court of Appeals clearly relied on the Allen rule to deny the petitioner's ineffective assistance of trial counsel claims. The court did not reach the substantive merits of the petitioner's ineffective assistance claims in deciding to affirm the circuit court's denial of Machner hearing. While it is true that the Wisconsin Court of Appeals mentioned the merits of the petitioner's

15

ineffective assistance claims, it did so only within the context of determining whether the petitioner had alleged sufficient facts which, if taken as true, would entitle him to relief under Strickland. But that standard, as discussed above, is the standard for obtaining an evidentiary hearing under Allen. A fair reading shows that the appellate court based its decision on the fact that the petitioner's Machner motion was not sufficient to warrant a hearing because it did not satisfy Allen's procedural requirements. The Court of Appeals called the allegations "sketchy and conclusory" and "meager," and repeatedly emphasized missing allegations, using phrases such as: "for some reason that he does not articulate;" "sheds no light on;" and "for reasons he does not explain." Dkt. No. 14-4. Because the appellate court expressly relied on this state procedural bar as the primary basis for denying relief and because the Allen rule is well-established and consistently followed in Wisconsin, Lee, 750 F.3d at 694, the adequate and independent state law doctrine applies to this claim.

> 3. *Cause and Prejudice or Fundamental Miscarriage of Justice*

The petitioner does not argue that the court should excuse his procedural default. The closest he comes is a contention that his attorneys, Givens and Buckett, failed to take the required actions to challenge the revocation, despite his directing them to do so. Dkt. No. 15 at 10-11. But the court has held that the petitioner's claims on his confrontation clause and hearsay arguments are not procedurally defaulted—he needs to show why he didn't develop his *ineffective assistance of counsel* arguments. He provides no explanation for why he did not do so. The petitioner has not established cause

16

for the default and resulting prejudice, or nor has he demonstrated that a fundamental miscarriage of justice would result if this court did not consider his ineffective assistance of counsel claim on its merits. Ylst, 501 U.S. at 801. This means the petitioner's claim for ineffective assistance of counsel is procedurally barred and that this court cannot review it.

**IV. Conclusion**

The court **GRANTS IN PART AND DENIES IN PART** the respondent's motion to dismiss. Dkt. No. 13.

The court **ORDERS** that the petitioner's third ground for relief, ineffective assistance of counsel, is **DISMISSED**.

The court **ORDERS** that within thirty days of the date of this order, the respondent shall answer or otherwise respond to the remaining grounds of the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support or in opposition to the habeas petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any types documents.

Dated in Milwaukee, Wisconsin this 31st day of March, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**